[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 70.]

THE STATE EX REL. JOHNSON, APPELLANT, *v.* OHIO DEPARTMENT OF

REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Cite as *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 2002-Ohio-1629.]

*Habeas corpus sought to compel relator's release from prison—Dismissal of petition affirmed—Mandamus sought to have relator's records revised to reflect his correct release date due to good-time credits—Dismissal of complaint affirmed.*

(No. 01-1895—Submitted March 13, 2002—Decided April 10, 2002.)

APPEAL from the Court of Appeals for Scioto County, No. 01CA2801.

_____

*Per Curiam.*

{¶ 1} In August 2001, appellant, Gregory D. Johnson, filed a petition in the Court of Appeals for Scioto County for a writ of habeas corpus or a writ of mandamus. Johnson claimed that in March 1989, he was convicted of felonious assault and sentenced to a term of four to fifteen years in prison. In March 1997, a decision review panel of appellee Ohio Parole Board decided to continue Johnson's incarceration to the maximum expiration of his sentence in December 2003. Johnson alleged that he was entitled to an earlier release date, *i.e.*, either June 1999 or October 2002, because of good-time credits he had earned under former R.C. 2967.19. See 142 Ohio Laws, Part II, 3100, 3115. Johnson requested an extraordinary writ either to compel his immediate release from prison or to have his records revised to reflect his correct release date.

{¶ 2} On September 26, 2001, the court of appeals dismissed Johnson's petition. The court of appeals reasoned that Johnson was not entitled to a writ of habeas corpus because he failed to attach a copy of the cause of his detention and that he was not entitled to a writ of mandamus because he requested only release from prison, a remedy cognizable solely in habeas corpus.

**{¶ 3}** In his appeal as of right, Johnson asserts that the court of appeals erred in dismissing his petition. For the foregoing reasons, we affirm the judgment of the court of appeals.

**{¶ 4}** Despite Johnson's claims to the contrary, the court of appeals correctly held that to the extent he requested a writ of habeas corpus, his petition was defective because he failed to attach a copy of the cause of his detention. Johnson did attach the March 1997 minutes reflecting a decision by the Ohio Parole Board to continue his incarceration, but this attachment did not comply with R.C. 2725.04(D) because Johnson did not attach *all* of his pertinent commitment papers. See *State ex rel. Bray v. Brigano* (2001), 93 Ohio St.3d 458, 459, 755 N.E.2d 891. Johnson's 1989 sentence, which is the underlying cause of his detention, is pertinent to his claim for good-time credits, but he failed to attach a copy of this sentence to his petition.

**{¶ 5}** Johnson was also not entitled to habeas corpus because he was barred by *res judicata* from filing a successive habeas corpus petition when he could have raised the same claims in his previous petition. *State ex rel. Childs v. Lazaroff* (2001), 90 Ohio St.3d 519, 520-521, 739 N.E.2d 802; *State ex rel. Johnson v. Ohio Adult Parole Auth.* (2000), 90 Ohio St.3d 208, 736 N.E.2d 469.

**{¶ 6}** Moreover, Johnson's claim of entitlement to an earlier release date is meritless. Former R.C. 2967.19 does not entitle him to release from prison before he serves the maximum term of his indeterminate sentence. *Hanes v. Haviland* (2001), 93 Ohio St.3d 465, 755 N.E.2d 898 (habeas corpus); *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100 (mandamus).

**{¶ 7}** Johnson does correctly assert that the court of appeals erred in determining that he was not entitled to a writ of mandamus because he requested only immediate release from prison. Although it is true that "[h]abeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison," *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171, 172, 694 N.E.2d 958, Johnson alleged in his petition that his correct release date was *either* June 1999 *or October 2002*. Therefore, contrary to the rationale of the court

of appeals, his claim was broad enough to encompass a correction of his release date, *i.e.*, to October 2002, that would not entitle him to immediate release from prison, and mandamus would be appropriate to raise this claim.

{¶ 8} Nevertheless, reversal of the dismissal of Johnson's mandamus claim is not warranted because former R.C. 2967.19 did not entitle him to an earlier release date than that specified by corrections officials. *Hanes* and *Bealler, supra; State ex rel. Stovall v. Jones* (2001), 91 Ohio St.3d 403, 404, 746 N.E.2d 601, fn. 1, quoting *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987 (" 'a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof' ").

{¶ 9} Based on the foregoing, Johnson's claims for extraordinary relief in habeas corpus or mandamus are meritless, and we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

——————————

*Gregory D. Johnson, pro se.*

*Betty D. Montgomery,* Attorney General, and *Thelma Thomas Prince*, Assistant Attorney General, for appellees.

——————————

1. We deny appellees' motion to strike Johnson's brief because Johnson asserts that he properly served copies of his brief, and judicial review in Ohio favors resolution of cases on their merits. See *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220. The mere fact that appellees might not have received a copy of the brief does not establish that Johnson failed to properly serve it. See S.Ct.Prac.R. XIV(2)(B) ("Service by mail is complete on mailing").