This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ronald T. Jolly, appeals from the judgment of the Lorain County Court of Common Pleas which dismissed his petition for a writ of habeas corpus. We affirm.
 {¶ 2} In May of 1994, Appellant was indicted by the Cuyahoga County Grand Jury on thirteen separate counts. Appellant pled guilty to an amended count of kidnapping, in violation of R.C. 2905.01, and two counts of rape, in violation of R.C. 2907.02. The remaining counts were dismissed. Thereafter, on November 30, 1994, Appellant was sentenced to concurrent terms of twelve to twenty-five years of imprisonment for each conviction.
 {¶ 3} On October 4, 2002, Appellant filed a petition for a writ of habeas corpus in the Lorain County Court of Common Pleas. Subsequently, Appellee filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted. On December 11, 2002, the court granted Appellee's motion and dismissed Appellant's petition. Appellant timely appealed raising five assignments which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I "The trial court abused its discretion in assigning costs to [Appellant] as if it had dismissed a civil complaint, rather than a petition for writ of habeas corpus, which is clearly protected by the Prison Litigation Reform Act and its parallel [S]tate statute contained in [H.B.] 455."
 {¶ 4} In his first assignment of error, Appellant maintains that the court abused its discretion by assessing the costs of the action to him. More specifically, Appellant maintains that the assessment is prohibited by the federal Prison Litigation Reform Act ("PLRA"). Appellant's assignment of error lacks merit.
 {¶ 5} As Appellant's petition was filed pursuant to R.C. 2725.06, the provisions in the PLRA are not applicable and Ohio statutory law controls. Thus, in order to waive payment of the costs of the filing of a civil action against a governmental entity, Appellant was to follow the requirements of R.C. 2969.22 and R.C. 2969.25. See Horton v. Collins
(1992), 83 Ohio App.3d 287, 291 and Henderson v. James (1895),52 Ohio St. 242, 244 (stating that an application for a writ of habeas corpus is a civil proceeding).
 {¶ 6} R.C. 2969.22(A) requires a prisoner to pay the fees associated with the filing of an action against a governmental entity in any state court other than the court of claims. That section provides, in relevant part, for "all income in the inmate account of the inmate [to] be forwarded to the clerk of the court during each calendar month following the month in which the inmate filed the civil action or appeal until the total payment of the requisite fees occurs." R.C.2969.22(A)(1)(c). However, the first ten dollars in the account is excluded from the forwarding requirement. R.C. 2969.22(A)(1)(c). Furthermore, if an inmate seeks a waiver of the payment of the filing fees,
 "the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
 "(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 "(2) A statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C).
 {¶ 7} In the present case, Appellant has failed to comply with the necessary requirements. Although Appellant has filed a document titled "Affidavit of Indigency," he has failed to include a certified statement from the institutional cashier setting forth the balance in his inmate account for each of the preceding six months. R.C. 2969.25(C)(1). Accordingly, the court did not abuse its discretion by assigning costs to Appellant. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The court erred in its determination that [Appellant] contended he was entitled to release from prison because of good time credit earned under former R.C. 2967.19."
 ASSIGNMENT OF ERROR III "The court abused its discretion when it failed to recognize the mandatory language contained in R.C. 5145.02."
 ASSIGNMENT OF ERROR IV "The court abused its discretion when it misinterpreted [Appellant's] claim, formulated a defensive posture against [Appellant], and reinforced that defensive posture or argument with case law not submitted by [Appellant] nor [Appellee]."
 ASSIGNMENT OF ERROR V "The court abused its discretion in dismissing the petition pursuant to Civ.R. 12(B)(6)."
 {¶ 8} In these assignments of error, Appellant essentially argues that the trial court abused its discretion by dismissing Appellant's petition for a writ habeas corpus. More specifically, Appellant asserts that he completed his minimum sentence as reduced by former R.C. 2967.19
and was therefore entitled to release pursuant to R.C. 5145.02. We disagree.
 {¶ 9} An appellate court performs a de novo review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6). Hunt v.Marksman Prod. Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760,762. For a complaint to be dismissed for failing to state a claim upon which relief can be granted "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University of Community Tenants Union (1975),42 Ohio St.2d 242, syllabus. The court is to presume that all factual allegations in the complaint are true and construe all inferences in favor of the nonmoving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
 {¶ 10} We note that R.C. 2967.19 was repealed effective July 1, 1996. S.B. 2, Section 6. However, as Appellant was sentenced prior to July 1, 1996, the provisions of R.C. 2967.19 are applicable to his sentence. Pursuant to R.C. 2967.19, a prisoner who observed the prison rules was eligible to receive a thirty percent deduction in the time spent in prison before being eligible for parole. That section provided for a deduction from the "minimum or definite sentence[.]" Thus, the maximum term of an indeterminate sentence was not reduced. Rather, former R.C. 2967.19 and 5145.02 merely reduced the minimum term of a prisoner's indeterminate sentence. Ridenour v. Randle, 96 Ohio St.3d 90,2002-Ohio-3606, at ¶ 9, citing State ex rel. Johnson v. Ohio Dept.of Rehab. Corr., 95 Ohio St.3d 70, 2002-Ohio-1629, 72. The purpose behind the reduction of a minimum sentence was to enable earlier parole eligibility and not to allow prisoners the opportunity to unilaterally shorten their imposed sentence. Gavrilla v. Leonard, 4th Dist. No. 01CA2638, 2002-Ohio-6144, at ¶ 12; R.C. 2967.19(A). The minimum term of incarceration does not determine when an individual will be released from prison and it is merely a factor to determine when an inmate first becomes available for discretionary parole. See Hill v. Wilkinson (Sept. 18, 2001), 10th Dist. No. 01AP-403.
 {¶ 11} Moreover, the statutes do not provide for release from prison before the maximum term of the sentence is served. Johnson,95 Ohio St.3d at 72. See, also, State ex rel. Lanham v. Ohio Adult Parole Auth.
(1997), 80 Ohio St.3d 425, 427 (stating that there is no legal duty to release a prisoner before he has served the maximum term provided in his sentence). Accordingly, neither R.C. 2967.19 or 5145.02 reduce the maximum term of an inmate's indeterminate sentence. State ex rel. Beallerv. Ohio Adult Parole Auth., 91 Ohio St.3d 36, 37, 2001-Ohio-231.
 {¶ 12} Thus, Appellant has misread former R.C. 2967.19 and R.C.5145.02. The cited provisions do not entitle Appellant to release from prison before he serves the maximum term of twenty-five years, which was provided in his sentence. See Lanham, 80 Ohio St.3d at 427. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Appellant's petition. Appellant's second, third, fourth, and fifth assignments of error are overruled.
 {¶ 13} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
BAIRD, J. and BATCHELDER, J. CONCUR.