[THE STATE EX REL.] BROWN, APPELLANT, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Brown v. Summit Cty. Court of Common Pleas,* 99 Ohio St.3d 409, 2003-Ohio-4126.]

(No. 2003-0530—Submitted June 24, 2003—Decided August 20, 2003.)

**Per Curiam.**

{¶ 1} On January 27, 2003, appellant, Lee Shawn P. Brown, filed a complaint in the Court of Appeals for Summit County for a writ of mandamus. Brown sought the writ to compel appellee, the Summit County Court of Common Pleas, to grant him jail-time credit for the days he spent at a community-based correctional facility. On January 30, 2003, the common pleas court concluded that Brown was entitled to 183 days credit for the time served in the Summit County Jail. In February 2003, the court of appeals dismissed the complaint.

{¶ 2} For the following reasons, we affirm the judgment of the court of appeals dismissing Brown's mandamus complaint.

{¶ 3} Brown failed to comply with R.C. 2969.25(C). With his complaint, Brown filed an affidavit that attempted to comply with R.C. 2969.21 et seq., but he did not file the certified statement of his prison cashier setting forth the balance in his inmate account for each of the preceding six months, which was required by R.C. 2969.25(C). "The certified statement of the prison cashier required by R.C. 2969.25(C) concerning [Brown's] inmate account would have allowed [Brown] to support his bare, conclusory assertion that he was indigent." *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 177–178, 724 N.E.2d 420.

{¶ 4} Moreover, Brown had an adequate remedy at law by appeal to raise any error by the trial court in calculating his jail-time credit. *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223; R.C. 2731.05.

{¶ 5} Therefore, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Lee Shawn P. Brown, pro se.

———————

1. We deny appellee's motion to strike appellant's brief. See, e.g., *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 72, 765 N.E.2d 356, fn. 1 ("judicial review in Ohio favors resolution of cases on their merits").