OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich of the Lake County Court of Common Pleas. As the primary basis for his motion, respondent maintains that the merits of the mandamus claim of relator, Kenneth N. Jaryga, are now moot because he has already performed the exact act which relator sought to compel. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} Relator is presently incarcerated at the Lake Erie Correctional Institution, having previously been convicted of gross sexual imposition and abduction in the Lake County Court of Common Pleas. In January 2003, respondent ordered relator to serve three years of community control, subject to the general supervision of the county adult probation department. Under this order, relator was essentially allowed to reside in the local community so long as he was able to satisfy certain conditions. However, in April 2004, respondent issued a new judgment in which he accepted relator's guilty plea to the charge of violating the conditions of his community control. As a result, respondent sentenced relator to the term of imprisonment for which he is now being held. At the time the prison term was imposed, respondent also determined that relator was entitled to fifty-one days of jail-time credit.
 {¶ 3} In August 2004, approximately three months after he had begun to serve the new prison term, relator moved respondent to render a new judgment granting him additional jail-time credit of approximately twenty-six days. Relator stated in his motion that respondent had not given him full credit for the time he had been held in the Lake County Jail in March 2004.
 {¶ 4} When respondent had not issued a judgment on the motion for additional credit by September 16, 2004, relator filed the instant action in mandamus before this court. As the legal basis for his claim, relator contended in his petition that respondent had a legal duty to render a decision on his pending motion in a timely manner. Relator also asserted that, unless he was given the additional credit immediately, he would not be released from the state prison on the appropriate date. Based on this, he requested this court to issue an order requiring respondent to make a determination on the merits of his motion.
 {¶ 5} In now moving to dismiss relator's petition, respondent submits that a writ of mandamus should not be issued in this instance because, on September 28, 2004, he rendered a new judgment in which he overruled the motion for additional credit. In support of his contention, respondent has attached to his motion a certified copy of this new judgment. In light of this, he argues that relator's entire petition should to subject to dismissal because the merits of his mandamus claim have become moot.
 {¶ 6} As this court has previously discussed on numerous occasions, a writ of mandamus generally will not lie to require a public official to perform an action which he has already completed. See, e.g., State ex rel. Dudley v. Logan (Dec. 23, 1999), 11th Dist. No. 99-T-0071, 1999 Ohio App. Lexis 6255. Consistent with this basic precedent, the Supreme Court of Ohio has held that, once a trial judge has ruled upon a pending motion for jail-time credit, the merits of a mandamus case against the judge to compel the issuance of the ruling becomes moot because there is no longer a need for the writ. State ex rel. Jones v.O'Connor (1999), 84 Ohio St.3d 426. Furthermore, this court has previously indicated that, in ruling upon a motion to dismiss based upon the assertion that the public official has already done the specific act in question, extrinsic evidence beyond the scope of the mandamus petition can be considered. State ex rel.Robinson v. McKay, 11th Dist. No. 2001-T-0125, 2002-Ohio-630.
 {¶ 7} In the instant action, our review of the certified copy of respondent's most recent judgment shows that he has made a complete ruling upon the merits of relator's motion for additional jail-time credit. Since the issuance of such a ruling was the sole act relator wanted to compel under his mandamus claim, the merits of that claim have indeed become moot. Accordingly, the dismissal of this action is warranted.
 {¶ 8} As an aside, this court would also indicate that the merits of respondent's decision to overrule cannot be contested in the context of a mandamus proceeding. In Jones, supra, the Supreme Court emphasized that, if a defendant believes that the trial judge has made an error in calculating his jail-time credit, the proper remedy for him to pursue is a direct appeal from that determination. In this instance, relator should have appealed the appropriate April 2004 judgment to this court and then sought a stay of his prison term until a final decision on the matter could be made.
 {¶ 9} Pursuant to the foregoing legal analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
Christley, J., O'Neill, J., Rice, J., concur.