PER CURIAM OPINION
{¶ 1} The instant action is a mandamus proceeding in which relator, Michael Scranton, seeks to compel the trial judge in an underlying criminal matter to award him additional jail-time credit. Upon reviewing the various factual assertions in his petition, this court concludes that relator has failed to state a viable claim for a writ. As a result, his petition is subject to dismissal under Civ.R. 12((B)(6).
 {¶ 2} According to relator, he was a defendant in a criminal action before Judge John A. Enlow of the Portage County Court of Common Pleas. At the conclusion of this action, Judge Enlow accepted relator's guilty plea to one count of felony theft, and then sentenced him to a definite term of eleven months in a state penitentiary. As part of the sentencing judgment, Judge Enlow also ordered that relator be given five days of credit for time he had been held in the Portage County Jail.
 {¶ 3} Following his conviction, relator submitted a number of motions in which he asked Judge Enlow to grant him additional jail-time credit for the days he had been held in the state of Florida prior to his extradition to Ohio. In response to each motion, Judge Enlow rendered a new judgment in which he overruled the request for additional credit.
 {¶ 4} Once Judge Enlow had ruled upon all of relator's post-conviction motions, relator initiated the instant action in mandamus. As the legal basis for his petition, he asserted that, pursuant to R.C. 2967.191 and2963.30, Judge Enlow had a legal duty to credit him with ten additional days of jail time for the period he was held in Florida prior to his extradition. In light of this assertion, he sought the issuance of a writ to require Judge Enlow to grant one of his motions for additional credit.
 {¶ 5} As an initial matter, this court would note that, in his mandamus petition, relator did not name Judge Enlow as the respondent in this action; instead, the caption of his petition only referred to the "State of Ohio" as the opposing party. As a general proposition, an action in mandamus must be brought against the public official who has the legal obligation to perform the non-discretionary act in question.Sardich v. State of Ohio, 11th Dist. No. 2002-T-0003, 2002-Ohio-2667. Moreover, the mandamus petition must be properly served upon that public official before this court would have jurisdiction to issue a writ. Id. Accordingly, because relator was seeking in this instance to compel Judge Enlow to perform a specific act, this action could not have proceeded until relator had amended his petition to properly include Judge Enlow as a party to this matter.
 {¶ 6} However, even if relator had captioned his petition in the proper manner, this action still could not go forward because our review of his factual allegations shows that he has failed to state a viable claim for the requested relief. The Supreme Court of Ohio has expressly held that the propriety of a trial court's calculation of jail-time credit cannot be challenged in the context of a mandamus action. State exrel. Rankin v. Ohio Adult Parole Auth., 98 Ohio St.3d 476, 2003-Ohio-2061, at ¶ 10. The basic logic for this holding is that, in raising an alleged error in the calculation of jail time, the relator will not be able to satisfy the elements for the writ because his ability to appeal the trial court's calculation constitutes an adequate remedy at law. See Brown v.Summit Cty. Court of Common Pleas, 99 Ohio St.3d 409, 2003-Ohio-4126;Jones v. O'Connor, 84 Ohio St.3d 426, 1999-Ohio-470. In other words, once a trial court has rendered a decision on the "credit" issue, the correctness of that decision can only be contested in a direct appeal from the judgment in which the decision was made. See, also, State exrel. Stanton v. Sutula (July 16, 1998), 8th Dist. No. 74511, 1998 Ohio App. Lexis 3288.
 {¶ 7} In the instant action, relator's own factual allegations readily indicate that, as part of the sentencing judgment in the underlying criminal case, Judge Enlow made an express determination as to the amount of jail-time credit to be granted to relator. In addition, his allegations show that Judge Enlow rendered separate written judgments on his post-conviction motions for additional credit. Since the sentencing judgment and the "motion" judgments constituted final appealable orders under R.C. 2505.02(B), relator could have contested Judge Enlow's decision through a direct appeal from any of those judgments. Furthermore, the fact that relator can no longer pursue a direct appeal on the "credit" issue does not alter the analysis as to the viability of a mandamus claim; i.e., because a direct appeal is the proper means for correcting an error in the calculation of the credit, relator is not permitted to ignore the appellate process and then try to employ a mandamus action as a substitute for an appeal. See State ex rel. Maxwellv. Kainrad, 11th Dist. No. 2004-P-0042, 2004-Ohio-5458, at ¶ 10.
 {¶ 8} To be entitled to a writ of mandamus, the relator in such an action must be able to establish, inter alia, that there was no alternative remedy he could have pursued which, if invoked properly, would have afforded him the same essential relief as the writ. SeeHamilton v. Collins, 11th Dist. No. 2003-L-106, 2003-Ohio-5703. In light of the foregoing Supreme Court precedent regarding the issue of jail-time credit, it is beyond dispute that relator in the instant action will be unable to satisfy this element. That is, even when relator's own factual allegations are construed in a manner most favorable to him, they are insufficient to demonstrate that there was no other adequate remedy he could have pursued to obtain the jail-time credit. Therefore, since relator will never be able to prove a set of facts under which he could meet all elements for a writ of mandamus, the dismissal of his petition is warranted under Civ.R. 12(B)(6).
 {¶ 9} Pursuant to the foregoing analysis, it is the sua sponte order of this court that relator's entire mandamus petition is hereby dismissed.
Ford, P.J., Grendell, J., Rice, J., concur.