SCANLON, APPELLANT, *v.* BRUNSMAN, WARDEN, APPELLEE.

[Cite as *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522.]

*Habeas corpus — Habeas corpus relief not proper when petitioner is not entitled to immediate release from custody — Court of appeals' denial of writ affirmed.*

(No. 2006-1482 ─ Submitted November 15, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Ross County,

No. 06CA2902.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition.

{¶ 2} On May 30, 2006, appellant, Neil P. Scanlon, filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel appellee, Chillicothe Correctional Institution Warden Timothy Brunsman, to release him from prison. Scanlon claimed that he was entitled to be released on August 23, 2006, instead of his scheduled release date of December 23, 2006. On June 29, 2006, which was before the release date that Scanlon claimed, the court of appeals dismissed the petition.

{¶ 3} In this appeal as of right, Scanlon contends that the court of appeals erred in dismissing his petition.

{¶ 4} In general, habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement. *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 5; *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167,

702 N.E.2d 423. Because Scanlon claimed he was entitled to an earlier release date but not to immediate release from prison, he did not state a viable habeas corpus claim. See, e.g., *Hanes v. Haviland* (2001), 93 Ohio St.3d 465, 466, 755 N.E.2d 898 ("At best, even if Hanes is entitled to good-time credit, he would have been entitled to earlier consideration of release on parole rather than outright release from prison. Because extraordinary relief in habeas corpus is restricted to immediate release from confinement, the court of appeals properly dismissed the petition"); *State ex rel. Johnson v. Ohio Dept. of Rehab. and Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356. The contentions that Scanlon raises on appeal do not alter this dispositive fact.

**{¶ 5}** Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

––––––––––––––––––

Neil P. Scanlon, pro se.

Jim Petro, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

––––––––––––––––––