OPINION
{¶ 1} The instant action in mandamus is now before this court for consideration of the motion to dismiss of respondent, Judge Laurie J. Pittman of the Portage County Court of Common Pleas. As the sole basis for the motion, respondent asserts that the petition of relator, Michael K. Duffy, fails to state a viable claim for the writ because his own allegations support the conclusion that he had an adequate legal remedy. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} Our review of the mandamus petition indicates that relator's sole claim is based upon the following basic allegations. In March 2002, relator entered a guilty plea to one charge of domestic violence in Portage C.P. No. 2001-CR-0317. As part of his sentence in that action, relator was placed on probation for one year. Approximately three months later, relator was indicted on two new charges in Portage C.P. No. 2002-CR-0232. In this second case, he ultimately pled guilty to two counts of unlawful sexual conduct with a minor, and was sentenced to a four-year prison term.
 {¶ 3} Immediately after the two charges in the second Portage County case had been filed, a hearing was conducted in Portage C.P. No. 2001-CR-0317 for the purpose of determining whether relator had violated the conditions of his probation. At the outset of this proceeding, it was noted that relator was not represented by counsel; as a result, the matter was continued until after he had begun to serve his prison term in the second case.
 {¶ 4} Nearly three years after the first proceeding, respondent held a second hearing as to relator's status under his original conviction for domestic violence. At the conclusion of this hearing, respondent specifically found that relator had violated the terms of his probation in that matter. In light of this, respondent sentenced relator to a separate term of one hundred eighty days in the county jail. As part of her judgment entry setting forth this sentence, respondent also expressly found that he was entitled to five days of jail-time credit.
 {¶ 5} The foregoing judgment was issued in June 2005. In December 2005, relator received a notice indicating that, upon the completion of his four-year term in the second Portage County case, he would be returned to the Portage County Jail to serve his separate term for the probation violation. Relator immediately sent respondent a personal letter, asking her to clarify the June 2005 judgment. Specifically, he stated in the letter that, at the time the separate sentence was imposed, he had been told that the one hundred eighty days would be served concurrently with the remainder of the four-year term. In response, he received a correspondence from a member of respondent's court staff, which indicated that respondent had reviewed the prior proceedings and had stated that the two terms were to be served consecutively.
 {¶ 6} In March 2006, relator moved respondent for relief from the June 2005 judgment, pursuant to Civ.R. 60(B). As the primary grounds for the motion, he argued that he was entitled, as a matter of law, to have the two terms run concurrently. In the alternative, relator further argued that he should be awarded a jail-time credit covering the entire term for the probation violation. In a new judgment issued in early April 2006, respondent expressly overruled relator's motion.
 {¶ 7} Once respondent had ruled upon his Civ.R. 60(B) motion, relator initiated the instant case before this court. In now challenging the legal propriety of respondent's actions as to his sentence under the first Portage County case, relator has asserted in his petition that, by overruling his motion and ordering him to serve the one hundred eighty-day term after the completion of the four-year term, respondent has essentially issued a new sentence which conflicts with the June 2005 judgment. Based upon this, relator has further asserted that, by "re-sentencing" him, respondent acted beyond the scope of her basic jurisdiction. Thus, for his final relief in this action, he has requested the issuance of a writ which would expressly order respondent to vacate her ruling on the Civ.R. 60(B) motion and render a new judgment regarding the one hundred eighty-day sentence.
 {¶ 8} In relation to relator's jurisdictional argument, this court would note that he has attached a copy of respondent's June 2005 judgment to his mandamus petition. Our review of that judgment readily shows that, in imposing the one hundred eighty-day term, respondent simply gave no indication as to whether this term was to be served concurrent with, or consecutive to, the four-year term in the second Portage County case. To this extent, relator's own allegations do not support his factual assumption that respondent initially ordered the two terms to be served concurrently. Instead, the materials attached to his petition indicate that respondent failed to rule on that particular point as part of the June 2005 judgment. As to this point, this court would emphasize that a trial court "speaks" solely through the written decisions set forth in its journal. See State v. Stewart, 11th Dist. No. 2001-P-0035, 2002-Ohio-7270, at ¶ 18. As a result, any oral statements made during the "probation violation" hearing would not be binding as to the enforcement of relator's sentence.
 {¶ 9} As a general proposition, a trial court does not have the inherent authority to amend or modify a criminal sentence once it has been carried into execution. State v. Druckenmiller (Mar. 1, 2000), 3d Dist. No. 3-99-28, 2000 Ohio App. LEXIS 720. On the other hand, if a sentencing judgment does not state whether two terms are to run concurrently or consecutively, a trial court does have jurisdiction to amend and modify its original sentencing order. Id. In the instant matter, although this court would agree that it was inappropriate for respondent to respond to relator's personal letter through the correspondence of a court staff member, it cannot be said that respondent went beyond the scope of her jurisdiction in eventually ordering that the two terms in question would be served consecutively. By making such an order, respondent was merely correcting its failure to include the necessary language in the June 2005 judgment.
 {¶ 10} As part of the allegations in his petition, relator has further maintained that respondent's decision to run the two terms consecutively was legally improper under the "common law." However, as respondent correctly notes in her motion to dismiss, the Supreme Court of Ohio has consistently held that the merits of alleged sentencing errors cannot be contested in the context of a mandamus action because the defendant has an adequate legal remedy through a direct appeal from the trial court's written decision. See State ex rel. Sampson v. Parrott (1998),82 Ohio St.3d 92. Although not expressly stated in Sampson, its holding is clearly predicated upon the proposition that the elements for an extraordinary writ cannot be satisfied when the party can achieve in a direct appeal the same results which he sought in bringing the mandamus action.
 {¶ 11} In regard to the foregoing point, relator has asserted that a direct appeal from the denial of his Civ.R. 60(B) motion cannot be considered an "adequate" remedy in this instance because it would have been impossible for this court to render our final decision on the appeal prior to the completion of the one hundred eighty-day term. In raising this issue, though, relator has failed to recognize that, once he had filed his notice of appeal from respondent's ruling on the motion, he could have moved this court to stay the execution of the jail term during the pendency of the appeal. Under such circumstances, a direct appeal could have achieved the identical result as the instant action because the merits of the appeal would have never become moot.
 {¶ 12} As a separate grounds for his mandamus claim, relator has further alleged that respondent failed to give him sufficient jail-time credit in the June 2005 judgment. As was noted above, that judgment expressly provided that he was entitled to only five days of credit. Relator has contended that, since he had already served a substantial portion of his four-year term by the date the one hundred eighty-day term was imposed, he was entitled to a jail-time credit covering the entire one hundred eighty days.
 {¶ 13} As to this contention, this court would first indicate that, unless respondent had ordered that the prison terms from the two Portage County cases were to be served concurrently, relator would not be entitled to offset the days served under the four-year term against the one hundred eighty days. More importantly, we would again note that, under Ohio law, a trial court's calculation of jail-time credit cannot be challenged through a mandamus proceeding because a direct appeal of the trial court's decision constitutes an adequate legal remedy.State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426; State ex rel.Jaryga v. Ct. of Common Pleas, 11th Dist. No. 2004-L-204,2004-Ohio-6473, at ¶ 6. In the instant matter, since respondent's June 2005 judgment was a final appealable order, relator could have obtained a proper review of the credit calculation through a timely appeal.
 {¶ 14} In relation to the latter point, we would also emphasize that the fact that relator failed to file a timely appeal from the June 2005 judgment did not leave him without a remedy as to the "credit" issue. Pursuant to App.R. 5(A), he could have filed a motion for leave to initiate a delayed appeal from that judgment; in fact, this remedy is still technically available to him. Similarly, relator could have used the "delayed appeal" procedure as to respondent's ultimate sentencing decision. Nevertheless, the existence of the procedure under App.R. 5(A) merely reiterates our conclusion that relator had an adequate remedy which he should have pursued in lieu of the instant proceeding. SeeState ex rel. McDonald v. Mitrovich, 11th Dist. No. 2006-L-033,2006-Ohio-4665, at ¶ 6.
 {¶ 15} As this court has stated on numerous occasions, a writ of mandamus can only lie if the relator can demonstrate, inter alia, that there was no alternative remedy he could have employed as a logical substitute for a mandamus proceeding. See State v. Scranton, 11th Dist. No. 2005-P-0020, 2005-Ohio-2886. Pursuant to the case law cited in this opinion, an adequate legal remedy existed in the present action which relator could have used to obtain proper review of respondent's "jail-time credit" calculation and sentencing order; i.e., he could have appealed both determinations directly to this court and requested a stay of his one hundred eighty-day sentence until a final decision could be rendered. Under such circumstances, it beyond dispute that even when the factual allegations in relator's petition are construed in a manner most favorable to him, they will not be legally sufficient to establish that he had no adequate legal remedy to pursue in this instance. Therefore, because relator will not be able to prove a set of facts under which he could prove each required element of a mandamus claim, his petition is subject to dismissal under Civ.R. 12(B)(6).
 {¶ 16} Consistent with the foregoing discussion, respondent's motion to dismiss the mandamus petition has merit. Thus, it is the order of this court that relator's entire mandamus petition is hereby dismissed.
DOANLD R. FORD, P.J., CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur.