PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Eugene A. Lucci of the Lake County Court of Common Pleas. As the primary basis for his motion, respondent maintains that the petition of relator, Randy Miller, is not legally sufficient to state a viable claim for a writ because his own allegations demonstrate that there is an alternative remedy he could pursue to obtain the requested relief. For the following reasons, we conclude that the motion to dismiss is well taken. *Page 2 
 {¶ 2} Relator is presently incarcerated in the Lake Erie Correctional Institution, having previously been convicted of a single count of breaking and entering in the Lake County Court of Common Pleas. Respondent is the duly-elected judge who presided over the criminal proceeding against relator. In bringing the instant action, relator seeks the issuance of an order which would require respondent to grant him jail-time credit to offset against his prison term. Our review of the mandamus petition indicates that his claim for relief is predicated upon the following factual allegations.
 {¶ 3} As of December 2005, relator was serving a separate sentence on a prior criminal conviction in Cuyahoga County, Ohio. At that time, he was given notice that new criminal charges had been brought against him in the Willoughby Municipal Court. After relator had submitted a request to go forward on the new charges, he was taken to the municipal court for the purpose of making his initial appearance. Once relator had entered an initial plea on those charges, the matter was bound over to the Lake County Grand Jury. As a result, he was transported back to the state prison to continue serving his "Cuyahoga County" sentence.
 {¶ 4} In April 2006, the grand jury returned a multiple-count indictment against relator. After again being transferred from the prison to Lake County, relator entered an initial plea of not guilty to each count of the indictment. However, before the case could come to trial, he agreed to plead guilty to one count of breaking and entering, in return for the dismissal of the remaining counts. Once respondent had accepted relator's new plea, he issued a judgment in which relator was sentenced to a ten-month prison term on the new conviction.
 {¶ 5} As part of the sentencing judgment, respondent stated that relator was not *Page 3 
entitled to any credit for jail time already served. Approximately two months following the release of that judgment, relator moved respondent to award him jail-time credit for a total of one hundred twenty-six days. In subsequently overruling this motion in a new judgment, respondent held that relator was not entitled to any credit because, during the entire time period in which the Lake County case had been pending, relator had been serving his Cuyahoga County sentence.
 {¶ 6} Approximately two months after respondent had released the judgment on the motion, relator initiated the instant proceeding for a writ of mandamus. In alleging that respondent had a legal duty to grant him a jail-time credit under R.C. 2949.08, he asserted in his petition that once he had made his statutory request to have the Lake County case go forward, his continuing incarceration until his conviction four months later was predicated solely on the Lake County charges. In other words, relator stated that he had a legal right to such a credit because the existence of the Cuyahoga County sentence had no effect upon the reason for his incarceration during the interim period. In addition, his petition contained the assertion that there was no other legal remedy he could pursue because he had been "unable" to bring an appeal from either judgment issued by respondent.
 {¶ 7} In now maintaining that relator's allegations are insufficient to show that he can prove a set of facts entitling him to a writ, respondent focuses upon the assertion as to whether an alternative legal remedy existed. Specifically, respondent argues that relator will never be able to meet each element for a writ of mandamus because his own allegations demonstrate that he could have contested the denial of any jail-time credit through a direct appeal from either of respondent's judgments. *Page 4 
 {¶ 8} A review of the pertinent case law in this state readily indicates shows that the prior precedent on this point supports respondent's position. As one of the elements for a writ of mandamus, a relator must be able to establish that there is no alternative legal remedy he could pursue to achieve the identical result he seeks in the mandamus proceeding. State ex rel. Duffy v. Pittman, 11th Dist. No. 2006-P-0043, 2007-Ohio-346, at ¶ 15. In considering this element in the context of mandamus action in which it was claimed that the trial court had miscalculated the amount of jail-time credit to which the criminal defendant was entitled, the Supreme Court of Ohio has held that such a writ can never lie to resolve this particular issue because the defendant could always litigate that point in a direct appeal from his conviction. See State ex rel. Rankin v. Ohio Adult Parole Auth.,98 Ohio St.3d 476, 2003-Ohio-2061, at ¶ 10.
 {¶ 9} In applying the Rankin holding, this court has stated: "The basic logic for [the Rankin] holding is that, in raising an alleged error in the calculation of jail time, the relator will not be able to satisfy the elements for the writ because his ability to appeal the trial court's calculation constitutes an adequate remedy at law. * * * In other words, once a trial court has rendered a decision on the `credit' issue, the correctness of that decision can only be contested in a direct appeal from the judgment in which the decision was made. * * *." (Citations omitted.) State v. Scranton, 11th Dist. No. 2005-P-0020,2005-Ohio-2886, at ¶ 6.
 {¶ 10} As part of our analysis in Scranton, this court further emphasized that the trial court's sentencing judgment and a judgment overruling a subsequent motion on the "credit" issue were both final appealable orders under R.C. 2505.02(B). Id., at ¶ 7. We also concluded that the application of the Rankin holding would not be affected by the *Page 5 
fact that the time for filing a timely appeal had already elapsed: "* * * [B]ecause a direct appeal is the proper means for correcting an error in the calculation of the credit, relator is not permitted to ignore the appellate process and then try to employ a mandamus action as a substitute for an appeal." Id.
 {¶ 11} In the instant case, relator's own allegations establish that respondent has rendered a decision on the "jail-time credit" matter in two written judgments. If this case involved a situation in which respondent had not issued any ruling on the matter, a writ of mandamus might lie to compel respondent to proceed to a final decision. However, since he has already released two judgments which were immediately appealable under R.C. 2505.02(B), relator had an adequate legal remedy which now forecloses his ability to pursue a writ of mandamus.
 {¶ 12} As was indicated above, relator stated in his petition that he did not have the "ability" to pursue a direct appeal in this specific instance. Although his petition did not elaborate on this point, it would appear that this statement was based upon the fact that the thirty-day limit for appealing either of the two judgments had already completely run by the date he initiated this proceeding. As to this point, this court would note that, while relator could no longer have filed a timely appeal from either judgment rendered by respondent, he still could have attempted to bring a delayed appeal from one of the judgments under App. R. 5(A). We would also note that if he had been granted leave under the rule to maintain an appeal, he could have then submitted a motion to stay the further execution of his sentence until the merits of the appeal had been considered.
 {¶ 13} In ruling upon motions to dismiss in prior mandamus actions, this court has consistently emphasized that a mandamus petition fails to state a viable claim for *Page 6 
relief if "the nature of the relator's allegations are such that, even when the allegations are construed in a manner most favorable to [him], there is no reasonable doubt that he will be unable to prove a set of facts under which he will be entitled to the writ." See Engelhart v.Warran, 11th Dist. No. 2002-A-0037, 2002-Ohio-5867, at ¶ 9. In light of the foregoing analysis, we hold that respondent has satisfied this standard for the dismissal of a mandamus petition under Civ. R. 12(B)(6). That is, even if it is assumed that each of relator's allegations are true, those allegations can only be interpreted to demonstrate that he will never be able to prove a lack of an adequate remedy at law.
{¶ l4} Accordingly, respondent's motion to dismiss relator's mandamus claim is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1