OPINION *Page 2 
{¶ 1} Petitioner, David Zion Shie, has filed a Petition for Writ of Habeas Corpus alleging unlawful detention based upon the claim the trial court lacked jurisdiction to impose consecutive sentences. Further, Petitioner argues the trial court's imposition of consecutive sentences resulted in a void sentence.
 {¶ 2} In the Cuyahoga County Court of Common Pleas, Petitioner was convicted of four counts of sexual battery based upon guilty pleas. The trial court imposed four year terms on each count resulting in an aggregate sentence of sixteen years. Petitioner concedes he is not entitled to immediate release from prison because he is also incarcerated as a result of a parole violation from a case out of the Wayne County Court of Common Pleas. Petitioner has failed to attach the Wayne County commitment papers, therefore, the court cannot determine what Petitioner's conviction is in Wayne County. Although Petitioner has attached a document which purports to be from the Ohio Parole Board titled "PVR/Kellogg Screening," the document is illegible as to all relevant portions including the inmate's name, inmate number and institution.
 {¶ 3} The Supreme Court has held "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." In reComplaint for Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427,2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. Petitioner has availed himself of an appeal in the Eighth District Court of Appeals wherein he raised the very issue raised in the instant petition. See State v. Shie,2007 WL 2135037. This issue is one which could be and was in fact raised on appeal, therefore, Petitioner has or had an adequate remedy at law which bars the issuance of the writ. Additionally, a Petitioner "may not use habeas corpus to gain successive *Page 3 
appellate reviews of the same issue. State ex rel. Rash v. Jackson,102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12." Smith v.Bradshaw 109 Ohio St.3d 50, 52, 845 N.E.2d 516, 518 (Ohio, 2006).
 {¶ 4} Petitioner is also not entitled to habeas corpus relief because, if granted, he would not be entitled to immediate release from incarceration. "[H]abeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." Scanlon v. Brunsman, 112 Ohio St.3d 151,2006-Ohio-6522, 858 N.E.2d 411, ¶ 4. Petitioner states in Paragraph 5, Page 3 of the Petition, "The Petitioner is not entitled to immediate PHYSICAL release from the custody of Respondent . . ." (emphasis original). Petitioner concedes he is not entitled to immediate release from prison because he is incarcerated on a different case which has not yet expired. See Keith v. Bobby (2008), 117 Ohio St.3d 470 (Petitioner's "initial sentence is not void and has not expired", therefore, Petitioner "is not entitled to a writ of habeas corpus.")
 {¶ 5} Finally, Petitioner has failed to attach legible copies of all commitment papers in compliance with R.C. 2725.04(D). The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." Bloss v. Rogers, 65 Ohio St.3d 145,602 N.E.2d 602. See also, Boyd v. Money, 82 Ohio St.3d 388, wherein the *Page 4 
Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D). As noted supra, Petitioner failed to attach legible commitment papers for his conviction from Wayne County.
 {¶ 6} Petitioner's request for Writ of Habeas Corpus is dismissed.
Edwards, J. Hoffman, P.J. and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the Petitioner's request for Writ of Habeas Corpus is dismissed. Costs assessed to Petitioner David Zion Shie. *Page 1