[Cite as *Cervenak v. Miller*, 2010-Ohio-5415.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT CERVENAK, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-BE-14 |
| | ) | |
| MICHELE MILLER, WARDEN, | ) | OPINION |
| BELMONT CORRECTIONAL | ) | AND |
| INSTITUTION, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:                                  Dismissed

APPEARANCES:
For Petitioner                                  Robert L. Cervenak, pro-se
                                                      Belmont Correctional Institution
                                                      68518 Bannock Road
                                                      S.R. 331
                                                      St. Clairsville, Ohio 43950

For Respondent                              Richard Cordray
                                                      Ohio Attorney General
                                                      M. Scott Criss
                                                      Assistant Attorney General
                                                      Criminal Justice Section
                                                      150 E. Gay Street, 16th Floor
                                                      Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: November 2, 2010

PER CURIAM.

{¶1} Petitioner Robert Cervenak has filed a pro se petition for writ of habeas corpus against Respondent Michele Miller, Warden of the Belmont Correctional Institution. Respondent has filed a motion to dismiss the petition.

{¶2} The facts and circumstances leading to Petitioner's current incarceration at the Belmont Correctional Institution are difficult to discern from the petition. Apparently, the Lorain County Common Pleas court sentenced Petitioner to prison in case no. 03-CR-063978. Petitioner alleges that he had served that entire prison term when the Adult Parole Authority "attempted" to impose post-release control upon him. He argues that he was never notified about post-release control at the sentencing hearing or in the sentencing entry.

{¶3} Respondent argues that Petitioner failed to attach a copy of his commitment papers to his petition for writ of habeas corpus. R.C. 2725.04 states that:

{¶4} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

{¶5} " * * *

{¶6} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶7} Failure to attach copies of commitment papers, such as the judgment entry of sentence, as part of the original filing of the petition for habeas corpus requires the dismissal of the petition. *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N .E.2d 602. Attaching only some of the paperwork is insufficient, the petitioner must attach all of the relevant commitment papers or the petition is defective. See *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 2002-Ohio-1629, 765 N.E.2d 356. As the Ohio Supreme Court explained:

{¶8} "These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no

showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss*, supra.

{¶9} Here, Petitioner has failed to attach his commitment papers to his petition. The reason they are required to be attached to the petition is especially apparent in this case. In other words, as the Ohio Supreme Court observed, they are necessary for a complete understanding of the petition. Consequently, the petition is fatally defective and must be dismissed.

{¶10} Furthermore, sentencing errors are not jurisdictional and are not cognizable in habeas corpus. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039. See, also, *State ex rel. Marini v. Tate* (May 19, 1998), 7th Dist. No. 97 BA 59 (refusing to hear petitioner's claim in habeas that he should have been sentenced under post-Senate Bill 2 law). Petitioner has or had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383.

{¶11} For the foregoing reasons, Respondent's motion to dismiss is granted and Petitioner's petition for writ of habeas corpus is hereby dismissed.

{¶12} Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.
Vukovich, P.J. concurs.
Waite, J. Concurs.