[Cite as *Norman v. Bracy, Warden*, 2018-Ohio-2583.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL NORMAN, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2018-T-0031** |
| CHARMAINE BRACY, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.


*Michael Norman,* pro se, PID: A322-028, Trumbull Correctional Institution, P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Maura O'Neill Jaite,* Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).


PER CURIAM.

{¶1} This matter is before the court on the petition for a writ of habeas corpus filed by petitioner, Michael Norman, pro se, against respondent, Charmaine Bracy, Warden, Trumbull Correctional Institution, and her Civ.R. 12(B)(6) motion to dismiss and/or summary judgment motion. Petitioner has failed to file a brief in opposition to the warden's dispositive motion. For the reasons that follow, the petition is dismissed.

{¶2} On April 19, 1996, petitioner, pursuant to a plea bargain, pled guilty in the Cuyahoga County Court of Common Pleas to murder, a first-degree felony, with a firearm specification. By the trial court's journal entry, the court sentenced him to 15 to 25 years, "[t]he first three (3) years for firearm-gun specification." The warden states that, pursuant to the sentencing entry, "the trial court sentenced Norman to a mandatory prior and consecutive 3 years in prison for the firearm specification and 15-25 years in prison for the Murder conviction, resulting in an aggregate 18-28 year prison sentence that does not expire until November 27, 2023." Petitioner does not dispute that the court imposed a three-year consecutive sentence for his firearm specification in addition to his sentence for murder.

{¶3} Petitioner did not appeal and thus did not challenge his conviction or his sentence. Instead, some 22 years later, on March 30, 2018, he filed the instant petition. He alleges the Bureau of Sentence Calculation incorrectly calculated his expected release date due to the Bureau's alleged failure to give him good-time credit, pursuant to OAC 5120-2-03.2. He also alleges that, because he was sentenced before July 1, 1996, the sentence for the firearm specification should have run concurrently to the term imposed for murder. As a result, he alleges his release date should have been August 28, 2013, and he seeks a court order to correct his release date.

{¶4} As noted, the warden has filed a motion to dismiss/summary-judgment motion. A motion to dismiss for failure to state a claim on which relief can be granted is procedural in nature and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Comm'rs.*, 65 Ohio St.3d 545, 548 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-

2

moving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations in the complaint and cannot consider outside materials. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94 (1990). However, "'[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *Adlaka v. Giannini*, 7th Dist. Mahoning No. 05 MA 105, 2006-Ohio-4611, ¶34, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1. (1997). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). As long as there is a set of facts consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 418 (2002).

{¶5} Alternatively, the warden has moved for summary judgment. Pursuant to Civ.R. 56(C), summary judgment is proper if (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293. If the moving party fails to satisfy its initial

burden, the motion for summary judgment must be denied. *Id.* If this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. *Dresher, supra.*

{¶6} "Where a party has filed a motion for summary judgment, pursuant to Civ.R. 56, but has not supported the motion with evidence outside the pleadings, the motion is, in effect, a request for dismissal pursuant to Civ.R. 12(B)(6) for failure to state a claim for relief." *State ex rel. Watkins v. Teater*, 11 Ohio App.3d 103 (9th Dist.1983), paragraph two of the syllabus. *Accord Bright v. Columbus*, 10th Dist. Franklin No. 92AP-289, 1992 WL 213822, *3 (Sep. 3, 1992). Since the warden did not support her motion with evidence outside the pleadings, her motion, in effect, is a motion to dismiss under Civ.R. 12(B)(6), and shall be treated as such.

{¶7} "In general, habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, ¶4. The writ is "available only when the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998). "The availability of an adequate remedy at law * * * precludes a writ of habeas corpus." *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, ¶7. In habeas cases, "[t]he burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 91 Ohio St.3d 323, 325 (2001).

{¶8} Petitioner alleges he is entitled to an earlier release date than his scheduled release date due to his entitlement to good-time credit. However, an inmate's claim that he is entitled to an earlier release date does not equate to a claim that he is entitled to immediate release from prison. *See Scanlon, supra.* Thus, when an inmate claims he is

4

entitled to an earlier release date, but does not claim he is entitled to immediate release, he does not state a viable habeas-corpus claim. *Id.*

**{¶9}** Good-time credit reduces an inmate's minimum or definite sentence, not his maximum sentence. *Gavrilla v. Leonard*, 4th Dist. Ross No. 01CA2638, 2002-Ohio-6144, ¶11. Further, good-time credit does not entitle an inmate to release from prison before he serves the maximum term of his sentence. *Id.*; *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71 (2002). The rationale for reducing the inmate's minimum, rather than his maximum, sentence was to allow earlier consideration for parole, not to allow inmates to unilaterally shorten their court-imposed sentence. *Gavrilla* at ¶12.

**{¶10}** In *Johnson, supra,* the petitioner alleged that his correct release date was earlier than the maximum expiration date of his sentence due to good-time credit. The Court held that such claim was broad enough to encompass a correction of the inmate's release date, but would not entitle him to habeas relief because the purpose of that writ is to obtain immediate release from prison. *Id.* Rather, the court held that the appropriate remedy to seek correction of the inmate's release date is mandamus. *Id.*

**{¶11}** Here, even if petitioner was entitled to good-time credit, such credit would only reduce the minimum term of his sentence, not the maximum term, and thus good-time credit would not entitle him to immediate release from prison or to habeas relief.

**{¶12}** In addition, petitioner alleges that because he was sentenced prior to 1996, the sentence for his firearm specification should have run concurrently, rather than consecutively, pursuant to "the old law, and statutes cited." However, petitioner fails to cite any statutes or case law providing that, prior to 1996, the three-year sentence for a firearm specification was to be served concurrently to the underlying offense. In fact, our

review of the case law leads to the opposite conclusion. Under the former firearm specification statute (R.C. 2929.71), in effect until July 1, 1996, the three-year sentence for a firearm specification was required to be served consecutively to the sentence imposed on the underlying offense. *Morgan v. Ohio Adult Parole Authority*, 68 Ohio St.3d 344, 347 (1994); *State v. Hudson*, 7th Dist. Jefferson No. 94-J-10, 1994 WL 715648, *3 (Dec. 20, 1994); *State v. Russell*, 4th Dist. Athens No. 97 CA 37, 1998 WL 357546, *33 (June 30, 1998).

{¶13} Thus, contrary to petitioner's argument, the trial court was required to impose the three-year term for his conviction of the firearm specification consecutively.

{¶14} Assuming the allegations in the petition to be true and construing them in petitioner's favor, as we are required to do, his complaint does not allege facts showing that his maximum prison sentence has expired or that he is entitled to immediate release from prison. Rather, he is merely seeking a court order to allegedly correct his release date, for which a proper and adequate remedy is a writ of mandamus. Thus, as a matter of law, petitioner's habeas-corpus claim is not legally cognizable; the petition fails to state a claim on which relief can be granted; Warden Bracy's Civ.R. 12(B)(6) motion to dismiss is granted; and the petition is dismissed with prejudice.

DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.