OPINION and JOURNAL ENTRY
{¶ 1} On June 14, 2005, pro-se Petitioner filed a Petition for Writ of Habeas Corpus challenging his continued incarceration at the Northeast Ohio Correctional Corporation facility located at 2240 Hubbard Road in Youngstown, Ohio. Attached to the petition are a financial affidavit and a listing of Petitioner's prior civil actions filed in the last several years against public officials. He has also attached a copy of his indictment in federal court case number 1:04 CR 276 charging him with possession of a Russian SKS rifle, in violation of Title 18, Section 922 (g)(1) of the United States Code.
 {¶ 2} It is clear from the petition that Petitioner is presently housed in a facility housing federal inmates and is awaiting action in federal court.
 {¶ 3} Pursuant to R.C. 2725.03:
"If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge."
 {¶ 4} By his admission in the petition, Petitioner is not an inmate of a state benevolent or correctional institution. Rather, he is in an institution housing federal prisoners or individuals awaiting trial in federal court. Accordingly, this state court lacks jurisdiction to determine a habeas petition filed by an inmate of a facility housing federal prisoners.
 {¶ 5} In the syllabus to Ex parte Simeon Bushnell et al. (1858),8 Ohio St. 599 the Ohio Supreme Court stated:
". . . it is legally incompetent for this court to withdraw, by writ of habeas corpus, persons in the custody of the district court of the United States, charged with the violation of an act of Congress, while the proceedings against them are pending and undetermined, and discharge them on the ground that the act of Congress, upon which the indictment was based, is unconstitutional and void."
 {¶ 6} Clearly, this state court is legally incompetent to determine a habeas corpus petition filed by an inmate under the custody of the federal district court.
 {¶ 7} For the above stated reasons, this Court sua sponte dismisses this Petition for Habeas Corpus for total want of jurisdiction.
 {¶ 8} Final order. Clerk to serve notice as provided by the Rules of Civil Procedure.
 {¶ 9} Copy to counsel or unrepresented party, Mahoning County Prosecuting Attorney Paul Gains and Assistant Attorney General Stuart Harris, 140 E. Town St., 14th Floor, Columbus, Ohio 43215.
Donofrio, P.J., concurs, Vukovich, J., concurs, DeGenaro, J., concurs.