PEROTTI, APPELLANT, *v.* STINE, WARDEN, ET AL., APPELLEES.

[Cite as *Perotti v. Stine,* 113 Ohio St.3d 312, 2007-Ohio-1957.]

(No. 2006–2359—Submitted April 4, 2007—Decided May 9, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of habeas corpus, coram nobis, and audita querela. We affirm the judgment of the court of appeals.

{¶ 2} In September 2006, appellant, John W. Perotti, an inmate in a federal prison in Kentucky, filed a petition in the Court of Appeals for Cuyahoga County for writs of habeas corpus, coram nobis, or, in the alternative, audita querela. See Black's Law Dictionary (8th Ed.2004) 141 and 362, which defines "audita querela" as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses" and "coram nobis" as a "writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact."

{¶ 3} The Ohio Adult Parole Authority filed a motion to dismiss. The court of appeals granted the motion and dismissed Perotti's amended petition.

{¶ 4} In his appeal as of right, Perotti asserts that the court of appeals erred in dismissing his petition. For the following reasons, Perotti's assertion lacks merit.

{¶ 5} State courts lack jurisdiction to determine a habeas corpus petition filed by an inmate of a federal prison. See, e.g., *Ex Parte Bushnell* (1858), 8 Ohio St. 599, 601; *Perotti v. Northeast Ohio Correctional Corp. Warden,* Mahoning App. No. 05–MA–102, 2005-Ohio-3780, ¶ 4 ("this state court lacks jurisdiction to determine a habeas petition filed by an inmate of a facility housing federal prisoners"); *State v. Goist,* Trumbull App. No. 2002–T–0136, 2003-Ohio-3549, ¶ 25

(state common pleas court lacked jurisdiction over federal inmate housed in another state); R.C. 2725.03.

{¶ 6} Moreover, insofar as Perotti requests the writ for something other than release from prison, his claim lacks merit because in general, "habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4.

{¶ 7} Finally, the common-law writs of coram nobis and audita querela are not part of the law of Ohio. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 39 O.O.2d 189, 226 N.E.2d 104 (writs of coram nobis or coram vobis are "no part of the law of Ohio"); *Rowland v. Finkel* (1987), 33 Ohio App.3d 77, 78–79, 514 N.E.2d 949. Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

John W. Perotti, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee Ohio Adult Parole Authority.