[Cite as *Davis v. Banks*, 2013-Ohio-1852.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

GEOFFREY A. DAVIS          )        CASE NO. 12 NO 397
                                )
        PETITIONER        )
                                )
VS.                         )        OPINION AND
                                )        JUDGMENT ENTRY
ED BANKS, WARDEN, NOBLE   )
CORRECTIONAL INSTITUTION   )
                                )
        RESPONDENT     )

CHARACTER OF PROCEEDINGS:        Petition for Writ of Habeas Corpus

JUDGMENT:                            Dismissed.

APPEARANCES:

For Petitioner:                     Geoffrey A. Davis, Pro-se
                                    101 Oak Street
                                    Marietta, Ohio  45750

For Respondent:                   Atty. Mike DeWine
                                    Attorney General of Ohio
                                    Atty. Gregory T. Hartke
                                    Assistant Ohio Attorney General
                                    615 West Superior Avenue, 11th Floor
                                    Cleveland, Ohio  44113-1899

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  May 1, 2013

PER CURIAM.

{¶1} Petitioner Geoffrey A. Davis was recently an inmate of Noble Correctional Institution in Noble County, Ohio. He was released on post-release control on January 3, 2013. Shortly before being released, he filed this petition for writ of habeas corpus. He argued that he should have been released on November 30, 2012. Due to procedural errors and defects in the filing of the petition, and the fact that Petitioner is no longer incarcerated, we hereby dismiss the petition.

{¶2} Petitioner was sentenced on September 23, 2005, in the Washington County Court of Common Pleas to an aggregate seven-year prison term for felonious assault and abduction, Case No. 04-CR-199. On March 15, 2006, he was sentenced in Washington County Court of Common Pleas Case No. 05-CR-192 to six months in prison for failure to appear at the sentencing hearing in Case No. 04-CR-199. The sentence in Case No. 05-CR-192 was to be served consecutively to the seven-year prison term in Case No. 04-CR-199, resulting in a total of seven years and six months in prison. The sentencing entry in Case No. 05-CR-192 was amended on September 18, 2006. Based on the aggregate prison term of the consecutive sentences, he was scheduled to be released on January 3, 2013.

{¶3} On December 10, 2012, Petitioner filed his petition for writ of habeas corpus. He argued that he was entitled to early release pursuant to R.C. 2967.19. Respondent filed a motion to dismiss on January 7, 2013.

{¶4} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such

imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3; *see also, State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10.

**{¶5}** If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶6.

**{¶6}** Respondent has filed a motion to dismiss for failure to state a claim and for technical failures in the petition itself. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Respondent argues that Petitioner failed to file all of the

required commitment papers, and failed to provide a detailed list of Petitioner's previous civil lawsuits. Respondent also contends that the petition must be dismissed because Petitioner has already been released from custody. Respondent's arguments are all well-taken.

{¶7} R.C. 2725.04(D) requires the petitioner to file all the pertinent commitment papers along with the petition. Attaching only some of the paperwork is insufficient. If any required commitment papers are not included with the petition, it is defective and will be dismissed. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 2002–Ohio-1629, 765 N.E.2d 356. The Ohio Supreme Court has held that:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶8} Failure to file all the pertinent commitment papers cannot be cured by filing them at some later point in the habeas proceedings. *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998).

**{¶9}** Petitioner failed to attach the commitment papers in Washington County Case No. 04-CR-199. He also failed to include the original sentencing entry in Case. No. 05-CR-192. Without the full scope of Petitioner's commitment papers, it would be impossible for us to grant relief. Therefore, the petition fails due to this defect.

**{¶10}** R.C. 2969.25(A) requires the Petitioner to file a complete affidavit of previously filed civil actions along with the other petition documents: "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**{¶11}** Petitioner filed the affidavit, but says that he filed no civil actions in the past five years. This is obviously inaccurate as he filed a previous petition for writ of habeas corpus in Noble County in May of 2012, as well as another habeas action in federal court in 2008 in the U.S. District Court for the Southern District of Ohio. Failure to file an accurate affidavit described in R.C. 2969.25 provides grounds for immediate dismissal of the petition. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

**{¶12}** Finally, habeas corpus relief is only available when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995); R.C. 2725.17. Since Petitioner was released from prison on January 3, 2013, he is no longer in custody. Thus, he cannot obtain relief in habeas. The fact that Petitioner is subject to three years of

post-release control does not alter our decision. Post-release control does not sufficiently restrain a person's liberty to give rise to habeas corpus relief. *In re Complaint for Writ of Habeas Corpus/Alternative Writ of Prohibition*, 10th Dist. No. 08AP-257, 2008-Ohio-4185, ¶16; *Miller v. Walton*, 163 Ohio App.3d 703, 840 N.E.2d 222, 2005-Ohio-4855, ¶14; *Harrod v. Harris*, 1st Dist. No. C-000791 (May 11, 2001).

**{¶13}** For all the aforementioned reasons, we dismiss the petition for writ of habeas corpus. Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

Waite, J., concurs.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.