[Cite as *State v. Sartin*, 2016-Ohio-4910.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 15CA010837 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER SARTIN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 06CR070794 |

DECISION AND JOURNAL ENTRY

Dated: July 11, 2016

CARR, Presiding Judge.

{¶1} Appellant, Christopher Sartin, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2007, Sartin pleaded guilty to numerous criminal offenses, including murder. The trial court imposed an aggregate sentence of 18 years to life imprisonment. Sartin did not file a direct appeal from the trial court's July 24, 2007 sentencing entry. Almost eight years later, on July 20, 2015, Sartin filed a pro se motion requesting a nunc pro tunc sentencing entry to clarify the imposition of court costs. The trial court promptly issued a journal entry denying the motion. Within a week, Sartin filed another pro se motion asking the trial court to vacate the imposition of court costs and fines. The trial court denied this motion as well.

{¶3} Sartin filed a notice of appeal from the journal entries denying his motions. Now before this Court, Sartin raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

A COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR AN ORDER NUNC PRO TUNC FOR CORRECTION/CLARIFICATION OF ITS JUDGMENT ENTRY WHERE THE TRIAL COURT'S JUDGMENT DOES NOT REFLECT THE TRUTH AT SENTENCING.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANT'S MOTION TO VACATE PAYMENT OF COURT COST AND FINES BY FAILING TO PROVIDE DUE PROCESS AS OUTLINED IN OHIO RULES OF CRIMINAL PROCEDURE RULE 43(A) BY IMPOSING AN ADDITIONAL SENTENCE OF COSTS IN ITS SENTENCING ENTRY, BUT NOT IN OPEN COURT.

**{¶4}** In his first assignment of error, Sartin argues that the trial court abused its discretion when it denied his motion for a nunc pro tunc entry. In his second assignment of error, Sartin contends that the trial court abused its discretion in denying his motion to vacate. This Court disagrees with both propositions.

**{¶5}** In his pro se motion filed on July 20, 2015, Sartin asked the trial court to issue a nunc pro tunc sentencing entry that removed any language dealing with the imposition of court costs. In essence, Sartin argued that because the trial court failed to properly impose court costs in its 2007 sentencing entry, the trial court should issue a new sentencing entry indicating that Sartin was not required to pay court costs. The trial court denied the motion for a nunc pro tunc entry on July 22, 2015.

**{¶6}** Several days later, on July 27, 2015, Sartin filed a pro se motion to vacate the portion of his sentencing entry that imposed courts costs and fines. In this motion, Sartin argued that the trial court violated his due process rights when it imposed courts costs and fines. The trial court issued a journal entry denying the motion on July 29, 2015.

**{¶7}** It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." In both of his pro se motions, Sartin essentially asked the trial court to vacate portions of the sentencing entry based on violations of his due process rights. Accordingly, his motions must be construed as petitions for post-conviction relief. Moreover, because Sartin filed his petitions nearly eight years after the timeframe within which he could have filed a timely direct appeal, we must construe his motions as untimely petitions for post-conviction relief. R.C. 2953.21(A)(2).

**{¶8}** "Untimely petitions for post-conviction relief are governed by R.C. 2953.23." *State v. Griffin*, 9th Dist. Summit No. 20312, 2001 WL 651539, *1 (June 13, 2001). A trial court is prohibited from entertaining an untimely petition for post-conviction relief unless the petitioner can demonstrate that (1) either the petitioner was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (2) the petitioner

demonstrates that but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b); *State v. Porter*, 9th Dist. Summit No. 26169, 2013-Ohio-1163, ¶ 8.

{¶9} Here, Sartin's untimely petitions did not offer any discernable explanation regarding why he was unavoidably prevented from discovering the facts upon which his petitions were based, nor did the petitions identify a retroactive right that has been recognized by the United States Supreme Court. As Sartin has not satisfied the requirements of R.C. 2953.23(A)(1), the trial court lacked authority to consider the merits of Sartin's petitions and correctly denied him the requested relief.

{¶10} Sartin's assignments of error are overruled.

III.

{¶11} Sartin's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————————
DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR

APPEARANCES:

CHRISTOPHER SARTIN, pro se, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.