[Cite as *Stevenson v. Larose*, 2018-Ohio-3373.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

IN RE:  ZAMAAR STEVENSON,

Petitioner,

v.

CHRISTOPHER LAROSE, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0014**

---

Writ of Habeas Corpus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Zamaar Stevenson,* #38168068, CoreCivic, fka Northeast Ohio Correctional Center, 2240 Hubbard Road in Youngstown, Ohio 44505, *Pro se*

*Christopher Larose, Warden,* CoreCivic, fka Northeast Ohio Correctional Center, 2240, Hubbard Road in Youngstown, Ohio 44505*, Pro se.*

Dated:  August 16, 2018

**PER CURIAM.**

**{¶1}** Petitioner Zamaar Stevenson, proceeding on his own behalf, has filed a petition for a writ of habeas corpus. The petition alleges that he is being imprisoned and restrained of his liberty at the Northeast Ohio Correctional Center (NEOCC), operated by CoreCivic, located at 2240 Hubbard Road in Youngstown, Mahoning County, Ohio.

**{¶2}** The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy of law. *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881; *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). The burden is on the Petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 212 N.E.2d 601 (1965).

**{¶3}** The habeas petition is deficient on several grounds. First, the petition does not allege an unlawful restraint. R.C. 2725.01 provides: "Whoever is *unlawfully* restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus * * *." (Emphasis added.) The petition states that he is "imprisoned and restrained of his liberty." Petitioner does not claim that he is being restrained unlawfully, and therefore, he has failed to allege the first and primary element of a habeas action.

**{¶4}** Second, Petitioner did not attach his commitment papers to the petition. R.C. 2725.04 requires the following:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> * * *

Case No. 18 MA 0014

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

**{¶5}** The Ohio Supreme Court has explained,

These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). The papers must be included with the petition and failure to file them cannot be cured by filing them at some later point in the habeas proceedings. *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998); *Davis v. Banks*, 7th Dist. No. 12 NO 397, 2013-Ohio-1852, ¶ 8.

**{¶6}** Third, the petition does not contain an affidavit of prior civil actions. When an inmate files a civil action against a governmental entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals that petitioner has filed in state or federal court within the past five years. The Ohio Supreme Court has held that the "requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

**{¶7}** Fourth, Petitioner has alleged facts that defeat our jurisdiction over the petition. Petitioner alleges he is being restrained at NEOCC by CoreCivic. This Court has recognized and takes judicial notice of the fact that NEOCC is a facility housing, at least in part, federal inmates awaiting action in federal court. *Perotti v. Warden*, 7th Dist. No. 05-MA-102, 2005-Ohio-3780. *See also Brown v. Ohio*, N.D.Ohio No. 1:15 CV 380, 2015 WL 5165480 (Aug. 28, 2015); CoreCivic, Northeast Ohio Correctional Center, http://www.corecivic.com/facilities/northeast-ohio-correctional-center#jc-details (accessed Apr. 3, 2018). The Ohio Supreme Court has held that:

> State courts lack jurisdiction to determine a habeas corpus petition filed by an inmate of a federal prison. See, e.g., *Ex Parte Bushnell* (1858), 8 Ohio St. 599, 601; *Perotti v. Northeast Ohio Correctional Corp. Warden,* Mahoning App. No. 05-MA-102, 2005-Ohio-3780, ¶ 4 ("this state court lacks jurisdiction to determine a habeas petition filed by an inmate of a facility housing federal prisoners"); *State v. Goist,* Trumbull App. No. 2002-T-0136, 2003-Ohio-3549, ¶ 25 (state common pleas court lacked jurisdiction over federal inmate housed in another state); R.C. 2725.03.

*Perotti v. Stine*, 113 Ohio St.3d 312, 2007-Ohio-1957, 865 N.E.2d 50, ¶ 5 (2007).

**{¶8}** Because this Court is a state court, it is legally incompetent to determine a habeas corpus petition filed by an inmate in federal custody, and Petitioner has given us no indication that he is other than a federal inmate in a federal facility.

**{¶9}** Accordingly, we *sua sponte* dismiss the petition for a writ of habeas corpus for lack of jurisdiction and for the aforementioned procedural faults.

Case No. 18 MA 0014

{¶10} Following the filing of his petition for a writ of habeas corpus, Petitioner filed in this case and with the Clerk of Courts for this Court a federal criminal complaint pursuant to 18 U.S.C. 4 (Misprision of felony), a federal criminal statute, against Respondent. The Ohio Supreme Court has clearly held, "It is undisputed that Ohio courts lack jurisdiction over federal criminal prosecutions and the enforcement of federal criminal laws." *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 37. Accordingly, the criminal complaint is likewise dismissed for lack of jurisdiction.

{¶11} Final order. Clerk to service notice as provide by the Rules of Civil Procedure. Costs taxed to Petitioner.

{¶12} Copy to counsel or unrepresented party, as well as the U.S. Attorney's Office, 100 Federal Plaza East, Youngstown, Ohio 44503 and Ohio Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 18 MA 0014