[Cite as *State v. Anderson*, 2020-Ohio-6681.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2020-L-028** |
| - vs - | : | |
| HERBERT E. ANDERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2009 CR 000410.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *David J. Hackman, Jr.,* and *Harrison L. Crumrine,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Herbert E. Anderson,* pro se, PID: A572-384, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Herbert E. Anderson, filed a delayed appeal from the judgment of the Lake County Court of Common Pleas, denying his petition for writ of error coram nobis and motion for a definite statement and findings of fact and conclusions of law. We dismiss the appeal for lack of jurisdiction.

{¶2} In August 2009, appellant entered a plea of guilty to one count of attempted robbery and one count of receiving stolen property, each a felony of the

fourth degree. He was sentenced to a term of 18-months imprisonment on each count, to be served concurrently.

{¶3} Approximately 10 years after imposition of sentence, appellant filed a petition for writ of coram nobis on August 15, 2019. In his petition, appellant asserted he did not understand the essential elements of attempted robbery. In effect, he claimed his plea and eventual sentence was unconstitutional, therefore, because the former was not entered intelligently. Additionally, appellant asserted his plea was a result of bad advice and coercion by trial counsel.

{¶4} The trial court denied the petition on August 22, 2019. On September 13, 2019, appellant filed a motion for definite statement and findings of fact and conclusions of law. On September 19, 2019, the trial court denied appellant's motion for definite statement and, on November 5, 2019, the trial court denied his request for findings of fact and conclusions of law. On March 9, appellant filed a motion for delayed appeal which this court granted. He now appeals assigning the following as error:

{¶5} "[1.] The trial court abused its discretion when omission was made to incorporate finding of fact and conclusion of law pursuant to Civ.R. 52, providing the defendant - appellant with ability to appeal as a matter of right and give appellate district court jurisdiction for effective review.

{¶6} "[2.] The trial court erred by failing to address the issue brought in a timely motion for finding of fact and conclusion of law mandate of Civ.R. 52."

{¶7} Initially, this court granted appellant a delayed appeal pursuant to App.R. 5(A). Appellant's petition for writ of coram nobis, however, at least in part, challenges the validity of his plea, which was entered over 10 years ago and accepted by the trial

2

court. Appellant did not appeal that judgment and the judgment of conviction was not the subject of appellant's motion for delayed appeal. In this regard, appellant filed his underlying petition as a substitute for an appeal of the original judgment. In order to properly invoke App.R. 5(A) in a criminal matter, appellant was required to seek leave for delayed appeal of his original judgment of conviction. He did not do so and, in this respect, all argumentation relating to the knowing, voluntary, and intelligent nature of his plea must be dismissed as untimely.

{¶8} Furthermore, App.R. 5(A) permits delayed appeals of, inter alia, appeals of right from criminal proceedings. Appellant's motion additionally collaterally attacked his plea based upon alleged evidence dehors the record. "[B]ecause of its common-law background, a coram nobis proceeding is deemed to be a civil proceeding, even though the relief sought is from a judgment of conviction in a criminal case." Coram Nobis Practice in Criminal Cases, 18 AmJur Trials 1, Sec. 2; s*ee, also United States v. Mayer*, 235 U.S. 55, 67 (1914) (at common law, a writ of error coram nobis was used to correct errors of fact that were material to the validity of a civil judgment). Such allegations are typically reserved for petitions for post-conviction relief, which are civil in nature. *See e.g. State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). In this respect, the delayed appeal of appellant's collateral challenge, per App.R. 5(A), was granted in error. Because, however, the petition which was denied by the lower court is unusual and the case originated in a criminal proceeding, we shall briefly discuss our basis for designating the aspects of the petition alleging evidence dehors the record as civil rather than criminal.

3

{¶9}    "The writ of error coram nobis has been described as 'the wild ass of the law which the courts cannot control.'"   The Nature of Coram Nobis, Postconviction Remedies, Sec. 3.2, quoting *Anderson v. Buchanan*, 292 Ky. 810, 822 (1943) (Sims, J., dissenting).   While similar to a common law writ of habeas corpus, relief in coram nobis is available after a petitioner has served his or her sentence and all overt restraints on his or her liberty have been removed. Postconviction Remedies, *supra.*   In substance, a petition for writ of coram nobis is a "'writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact.'" (citation omitted.) *Perotti v. Stine*, 113 Ohio St.3d 312, 2007-Ohio-1957, ¶2.   The writ is designed to call the court's attention to errors "which, through duress, fraud, or excusable neglect were unknown when the judgment was entered and which would have prevented the judgment had they then been known to the court."   *State v. Spezzalli*, 2d Dist. Clark No. 97-CA-0127, 1998 WL 771408, *1 (Sept. 25, 1998).

{¶10}   In Ohio, the remedy of coram nobis had been superseded by alternative remedies, such as Civ.R. 60(B) (motion for relief from judgment), Crim.R. 33 (motion for a new trial), or R.C. 2953.21 (post-conviction relief).   *See Rowland v. Finkel*, 33 Ohio App.3d 77 (9th Dist.1987); *Spezzalli, supra*; *Bocook v. Court of Common Pleas*, 5th Dist. Coshocton No. CA 85-6, 1985 WL 7311, 1 (Oct. 30, 1985).   Thus, common-law writs of coram nobis are not part of the law of Ohio. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967) (writs of coram nobis or coram vobis are "no part of the law of Ohio"); *see, also, State v. Lee*, 7th Dist. Belmont No. 95-B.A.-58, 1997 WL 344829, *3-4, (June 19, 1997); *Spezalli, supra*; *Bocook, supra*.

{¶11} Appellant's petition is a collateral challenge to his criminal conviction akin to the civil remedy of post-conviction relief. Appellant failed to appeal within the thirty-day window pursuant to App.R. 4(A)(1) and therefore his appeal must be dismissed.

{¶12} With this in mind, appellant's arguments fail. Appellant could have argued the validity of his plea on a direct appeal from his conviction. He did not do so and therefore any issue regarding the knowing, intelligent, or voluntary character of his plea is res judicata. *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶16. Similarly, any issue relating to counsel's alleged bad advice or purported coercive conduct during the plea-negotiation process could have been raised in a timely petition for post-conviction relief. Again, appellant failed to do so and thus is barred from advancing the arguments by res judicata. *State v. Holnapy,* 11th Dist. Lake 2013-L-002, 2013-Ohio-4307, ¶26. Because the trial court did not err in denying appellant's re-casted Civ.R. 60(B) motion, we decline to find error, let alone prejudicial error, in its judgment denying appellant's motion for findings of fact and conclusions of law.

{¶13} Appeal dismissed.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.