[Cite as *State v. Melendez-Perez*, 2024-Ohio-873.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    23CA011968 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CESAR F. MELENDEZ-PEREZ | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE Nos.    16CR093897 |
| | | 07CR073288 |

DECISION AND JOURNAL ENTRY

Dated: March 11, 2024

---

FLAGG LANZINGER, Judge.

{¶1} Defendant-appellant Cesar Melendez appeals the judgments of the Lorain County Court of Common Pleas denying his "Petition for a Writ of Error Coram Nobis, Coram Vobis, Audita Querela or in the Alternativ (sic), Motion to Vacate" in two separate criminal cases. This Court affirms.

I.

{¶2} On May 16, 2007, a grand jury indicted Melendez on one count of domestic violence, a felony of the third degree, in violation of R.C. 2919.25(A). On January 10, 2008, Melendez pleaded guilty and was sentenced to a prison term of one year. Melendez did not file a direct appeal.

{¶3} In May 2016, Melendez was indicted on one count of domestic violence, a felony of the third degree, in violation of R.C. 2919.25(A); one count of assault, a felony of the fourth degree, in violation of R.C. 2903.25(A); one count of obstructing official business, a felony of the

fifth degree, in violation of R.C. 2921.31(A); and one count of criminal damaging or endangering, a misdemeanor of the first degree, in violation of R.C. 2909.06(A)(1). On November 21, 2016, Melendez pleaded guilty and was sentenced to two years of community control. In May 2019, the court found Melendez guilty of violating his community control. Consequently, the court imposed 18 months in prison. Again, Melendez did not file a direct appeal.

{¶4} On August 27, 2020, a judge at the United States District Court for the Northern District of Ohio sentenced Melendez to 163 months in federal prison after he pleaded guilty to conspiracy to distribute cocaine and possession with intent to distribute cocaine. The judge found Melendez to be a career offender pursuant to federal sentencing guidelines. Melendez appealed to the Sixth Circuit Court of Appeals, claiming that the district court improperly designated him as a career offender. The Sixth Circuit affirmed Melendez's sentence.

{¶5} On February 9, 2023, Melendez filed a "Petition for a Writ of Error Coram Nobis, Coram Vobis, Audita Querela, or in the Alternativ (sic), Motion to Vacate" with the trial court in both the 2007 criminal case and the 2016 criminal case. The trial court denied Melendez's petitions. Melendez now appeals raising two assignments of error for our review. For ease of analysis, we combine his assignments of error.

II.

### ASSIGNMENT OF ERROR I

**THE COUNTY COURT ERRONEOUSLY DENIED THE APPELLANT[']S PETITION[S].]**

### ASSIGNMENT OF ERROR II

**THE COUNTY COURT ERRONEOUSLY DENIED THE APPELLANT'S EXTRAORDINARY WRIT[S] AND RECASTING THE MOTION TO VACATE AS AN UNTIMELY PETITION FOR POST-CONVICTION RELIEF SUA SPONTE AND DENIED AS SUCH.**

**{¶6}** In his first and second assignments of error, Melendez argues that the trial court erred when it denied his petitions. Additionally, Melendez argues that the trial court erred when it treated his motions to vacate as untimely petitions for post-conviction relief. We disagree.

**{¶7}** Initially we note, while Melendez argues that the trial court erred by denying his writs of coram nobis, coram vobis, and audita querela, the Ohio Supreme Court has held that "the common-law writs of coram nobis and audita querela are not part of the law of Ohio." *Perotti v. Stine,* 113 Ohio St.3d 312, 2007-Ohio-1957, ¶ 7. The Ohio Supreme Court has also held that the common-law writ of coram vobis also has no part of the law of Ohio. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). Because Ohio does not recognize Melendez's extraordinary writs, the trial court did not err by denying Melendez's extraordinary writs. Melendez's arguments relating to his extraordinary writs are overruled.

**{¶8}** Generally, "[w]e review a trial court's decision denying a petition for postconviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id*.

**{¶9}** "It is well settled that '[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" *State v. Sartin*, 9th Dist. Lorain No. 15CA010837, 2016-Ohio-4910, ¶ 7, quoting *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. R.C. 2953.21(A)(1)(a)(i) provides that:

A person * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief * * *[If that person] has been convicted of a criminal offense * * * and * * * claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *.

In both of his pro se motions, Melendez asked the trial court to vacate portions of the sentencing entry based on violations of his due process rights. Accordingly, his motions to vacate must be construed as petitions for post-conviction relief. The trial court did not err when it treated Melendez's motions to vacate as petitions for post-conviction relief.

{¶10} R.C. 2953.21(A)(2) provides:

[A petition for post-conviction relief] shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, * * * [i]f no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

A court may not entertain successive or untimely petitions unless the petitioner satisfies certain requirements. The petitioner must show that (1) he was unavoidably prevented from discovering the facts on which he relies or (2) that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). The petitioner must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶11} Melendez pleaded guilty in both of his state court criminal cases and was sentenced in 2008 and 2016, respectively. Melendez did not file a direct appeal in either case. Melendez filed his motions to vacate on February 9, 2023, beyond the one-year timeframe provided for in R.C. 2953.21(A)(2). On that basis, Melendez's petitions for post-conviction relief were untimely.

{¶12} Melendez has failed to make an argument that he was unavoidably prevented from discovering the facts on which he now relies. Melendes has also failed to show that the United States Supreme Court recognized a new federal or state right that applied retroactively to his situation. Since he has failed to make either argument, Melendez has failed to satisfy the requirements under R.C. 2953.23(A)(1) necessary for the trial court to entertain his untimely petitions. Therefore, the trial court did not have statutory authority to consider the merits of Melendez's petitions and correctly denied them. *See State v. Saturday*, 9th Dist. Summit No. 28372, 2017-Ohio-4274, ¶ 23, citing *State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5.

{¶13} Melendez's assignments of error are overruled.

III.

{¶14} Melendez's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

CESAR F. MELENDEZ-PEREZ, pro se, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.